IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELE FOX,

        Plaintiff,

   v.                                     Civil Action 2:18-cv-1378
                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Kimberly A. Jolson

NATIONAL HME, INC., et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants National HME, Inc.'s ("NHME") and Clayton Ingram's Motion to Dismiss. (Doc. 49). For the reasons that follow, the Undersigned **RECOMMENDS** Defendants' Motion be **GRANTED in part and DENIED in part**, and this action be **DISMISSED** for failure to prosecute.

**I.    BACKGROUND**

This matter arises from Plaintiff's previous employment with Defendant NHME. Plaintiff was employed as a Vice President of Sales with NHME from August 2016 until her termination on March 31, 2017. (Doc. 41 at ¶ 19). Multiple times throughout her employment, Plaintiff's supervisor, Defendant Clayton Ingram, allegedly subjected her to a series of inappropriate conduct including sexual harassment and assault. (*Id*., ¶¶ 29–49). When Plaintiff continued to reject his advances, Defendant Ingram allegedly took retaliatory actions against her which culminated in a 30-day written warning of her termination. (*Id*., ¶ 71). She had never been disciplined before this warning. (*Id*.).

In March 2017, Plaintiff confronted Defendant Ingram about his conduct and how it had been impacting her mental health. (*Id*., ¶¶ 78–80). Specifically, Plaintiff told him how his conduct had caused her to suffer severe panic attacks and anxiety regularly. (*Id*., ¶¶ 79–80). Thereafter, Plaintiff reported Defendant Ingram's conduct to Defendant NHME's CEO and Vice President of Human Resources. (*Id*., ¶ 86). On March 31, 2017, NHME terminated Plaintiff's employment, citing her job performance and the 30-day warning. (*Id*., ¶ 92).

Plaintiff filed the instant action on November 6, 2018, bringing claims of sexual harassment, gender discrimination, retaliation, wrongful termination, and disability discrimination in violation of Title VII, the Americans with Disabilities Act, and Ohio law. (*Id*., ¶¶ 101–77). She also brings a breach of contract claim against NHME, alleging her termination did not conform with the terms of her Employment Agreement. (*Id*., ¶¶ 184–97). Defendants counter Plaintiff's allegations, arguing that they had a legitimate, non-discriminatory and non-retaliatory reason for terminating her, and that no discriminatory or retaliatory conduct occurred. (Doc. 17 at ¶¶ 15–17). Thereafter, the parties engaged in discovery practice through 2020.

On October 21, 2020, Plaintiff's counsel filed a motion to withdraw from representing her in this matter. (Doc. 47). Counsel asserted that they had good cause to withdraw because Plaintiff had failed to cooperate regarding discovery issues pending before the Court, including to schedule and appear for an independent medical examination. (*Id.* at 1–2). While that motion was pending, Defendants filed the instant Motion to Dismiss (Doc. 49). On November 16, 2020, the Undersigned granted the option to withdraw and directed Plaintiff to inform the court within twenty-one (21) days whether she would obtain new counsel or proceed with the action *pro se*. (Doc. 53). On December 7, 2020, Plaintiff sent a letter to the Court, asking the Court to "honor [her] right to obtain new counsel" and requesting the Court indicate her options or a deadline to

obtain new counsel. (Doc. 59). Thereafter, on December 9, 2020, the Court held a status conference with the parties following which the Undersigned stayed all case deadlines and afforded Plaintiff the remainder of the month to secure representation. (Doc. 57). In that order, the Undersigned noted that if no notice of appearance was entered on Plaintiff's behalf by then, the Court would assume she would be proceeding *pro se*. (*Id*.).

No notice of appearance was entered and on January 5, 2021, the Undersigned ordered Plaintiff to respond to the pending Motion to Dismiss by January 26, 2021. (Doc. 58). On February 4, 2021, after Plaintiff failed to respond to Defendants' Motion, the Undersigned ordered her to show cause by February 18, 2021 as to why she was unable to file her response. (Doc. 61). Almost a month later, on March 16, 2021, Plaintiff filed a purported response to the Show Cause Order. (Doc. 62). In this one-page, handwritten response—with her December 7, 2020, letter attached—Plaintiff represents that her previous letter constituted a timely response to the Court's orders but was mistakenly not filed by the Clerk. (*Id*.). However, as previously discussed, the Court did receive Plaintiff's letter and the Clerk docketed it appropriately. (*See* Doc. 59). Furthermore, and more significantly, this letter was docketed before the December 9, 2020 status conference and the Court's two most recent orders. (*See* Docs. 58, 61). Nonetheless, Plaintiff's response does not show cause as to why she was unable to respond to Defendants' Motion. (*See generally* Doc. 62). Given Plaintiff has filed no such response, Defendants' Motion is now ripe for review.

## II. STANDARD

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also*

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

The Sixth Circuit utilizes an identical standard to that set forth in *Schafer* to determine whether discovery sanctions under Rule 37 are appropriate, including dismissal. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir. 1997). A Rule 37(b) dismissal is an "extreme sanction." *Towbridge v. Graham Packaging Co.*, No. 1:19-cv-900, 2020 WL 5577974, at *2 (S.D. Ohio Sept. 17, 2020). Just as a dismissal under Rule 41(b), a Rule 37(b) dismissal should not be imposed absent a clear record of bad delay or contumacious conduct, and only after a party has received notice that dismissal is contemplated and less severe sanctions have been considered. *See Harmon*, 110 F.3d at 367–68.

**III.   DISCUSSION**

Defendants move for dismissal under Federal Rules of Civil Procedure 37 and 41 as a sanction for Plaintiff's failure to cooperate in discovery. (Doc. 49 at 2–3). Alternatively, they request Plaintiff's claims for emotional distress damages be dismissed or that the Court order her attendance at a rescheduled physical examination. (*Id.*). In addition to the aforementioned, Defendants seek fees and costs associated with their motion to dismiss, as well as those costs associated with their expert witnesses' preparation for Plaintiff's independent medical examinations. (*Id.*). As previously detailed, Plaintiff has not filed anything that directly responds to Defendants' Motion.

A. **Dismissal**

In their Motion, Defendants detail Plaintiff's repeated failures to cooperate with discovery in this case. (*See generally id.*). Specifically, Defendants highlight Plaintiff's refusal to attend her psychological testing and a psychiatric interview, her failure to provide the Court-ordered discovery affidavit as well as the information on her former primary care physician. (*Id.* at 9). At base, they argue that these failures constitute contumacious conduct and bad faith, and accordingly dismissal is warranted. (*Id.*). The Court agrees.

On balance, the factors set forth in *Schafer* support dismissal. First, despite Defendants' and the Court's numerous attempts to communicate with Plaintiff and to get her to participate in discovery, she has failed to do so. (*See* Docs. 48, 51, 55, 56, 61). Furthermore, Plaintiff's recent response to the Court's Show Cause Order, fails to directly respond to Defendants' Motion or show cause why she has been unable to respond. (*See* Doc. 62). Plaintiff's repeated refusal to participate in discovery is, in the Court's view, clearly indicative of willfulness and bad faith.

The second factor is satisfied if the failure to provide discovery deprives the opposing party of information critical to their case and they are forced to expend significant time and resources addressing the discovery abuses. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008); *see also Vogerl v. Elliott*, No. 09-713-MRB-JGW, 2010 WL 4683950, at *2 (S.D. Ohio Sept. 9, 2010). Again, there is no question that Plaintiff failed to attend her psychological testing and failed to provide the Court-ordered discovery affidavit, despite Defendants expending significant time and resources. And absent this discovery, Defendants are unable to defend their case.

Finally, the third and fourth factors also weigh in favor of granting Defendants' Motion. The Court warned Plaintiff on multiple instances—including during the December 9, 2020 status conference—that her continued failure to cooperate in discovery would result in sanctions and potentially the dismissal of this action. (*See* Docs. 56, 61). Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange*, 270 F. App'x at 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite repeated warnings of sanctions, and Defendants have suffered clear prejudice because of her actions. Because lesser sanctions would be futile, dismissal of Plaintiff's complaint is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

6

B. **Fees and Costs**

Finally, the Court briefly discusses Defendants' request for fees. Defendants represent that they "have incurred the cost and fees of numerous deficiency letters, the previous discovery conference with the Court, and the fees and costs associated with the drafting of this motion and memorandum." (Doc. 62 at 8). In determining the appropriateness of such an award, the Court has "wide discretion." *Davis v. JP Morgan Chase Bank, N.A.*, No. 15-10805, 2015 WL 5014095, at *1 (E.D. Mich. Aug. 24, 2015). In exercising this discretion, the Undersigned finds that dismissal is a sufficiently "extreme" sanction for Plaintiff's contumacious conduct. *See Towbridge*, 2020 WL 5577974, at *2; *see also Morgan v. AMISUB (SFH), Inc.*, No 18-cv-2042-TLP-tmp, 2020 WL 7704557, at *4 (W.D. Tenn. Oct. 8, 2020) (concluding that where "the sanction of dismissal [was] more properly tailored to address [p]laintiff's conduct" awarding fees as well, was not appropriate).

IV. **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** Defendants' Motion be **GRANTED in part and DENIED in part**, and this action be **DISMISSED** for failure to prosecute.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 17, 2021                                   /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE